LEONARDO M. RAPADAS
United States Attorney
CRAIG N. MOORE
Assistant U.S. Attorney
District of the Northern
Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP 96950

Tel: (670) 236-2980
Fax: (670) 236-2985

FILED
Clerk
District Court

JUN 20 2007

For The Northern Mariana Islands
By________________
(Deputy Clerk)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE NORTHERN MARIANA ISLANDS**

UNITED STATES of AMERICA, Plaintiff,

v.

NORBERT BENAVENTE CAMACHO, Defendant.

Case Nos.: 07-00007 - 1

**PLEA AGREEMENT**

Date:
Time:
Judge: Hon. Alex R. Munson

Pursuant to Rules 11(c)(1), (c)(1)(A), and (c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, NORBERT BENAVENTE CAMACHO, have reached a plea agreement in the above-captioned cases. Defendant has been advised and understands that, under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the terms of this agreement are merely recommendations to the Court. The Court can reject them without permitting Defendant to withdraw his plea of guilty and can impose a sentence that is more severe than he anticipates.

The Agreement follows:

1. Under Rule 11(c)(1) of the Federal Rules of Criminal Procedure, Defendant will plead guilty to the Indictment in Case No.07-00007, which charges Defendant with one count of Conspiracy to Distribute a Controlled Substance, that is, d-methamphetamine hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C. § 846, and one count of Distribution of a Controlled Substance, that is, d-methamphetamine hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C). Defendant agrees that the time between the filing of this agreement and the date Defendant is sentenced following his change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. In exchange for Defendant's guilty plea:

    a. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines ("U.S.S.G.," the "guidelines," or the "sentencing guidelines") but not including probation or a split-sentence even if permitted under the guidelines, provided Defendant does not seek a downward departure from that offense level for any reason.

    b. Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government will move at the time of sentencing to dismiss the Indictment against Defendant in Case Number CR. 07-00005, which charges him with one count of Conspiracy to Distribute a Controlled Substance, that is, d-methamphetamine hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C. § 846, and one count of

Distribution of a Controlled Substance on or about March 21, 2007 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

        c.    The government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) provided Defendant continues to demonstrate such acceptance through sentencing.

        d.    As of the date of this agreement, Defendant has timely notified authorities of his intention to enter a plea of guilty. If – and only if – Defendant:

        i.    pleads guilty pursuant to this agreement;

        ii.    on or before the date scheduled by the Court; and

        iii    the offense level is sixteen (16) or greater,

the government will move the Court for an additional one-level decrease in the offense level under U.S.S.G. § 3E1.1(b)(2).

        e.    The government is free to recommend any combination and amount of supervised release and fines which it deems appropriate.

        3.    The United States and Defendant stipulate to the following facts and application of the guidelines:

        a.    In or about February 2007, up to and including at least February 20, 2007, Defendant conspired with others, specifically, Dina Torres Gonzales, to distribute a quantity of d-methamphetamine hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C. § 846.

        b.    On or about February 20, 2007, Defendant distributed and aided and abetted Dina Torres Gonzales in the distribution of a quantity of d-methamphetamine

hydrochloride in the form commonly known as "ice," in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C).

  c. The quantity of ice that Defendant and Dina T. Gonzales distributed on or about February 20, 2007 was .74 grams, having a purity of approximately ninety-eight percent (98 %).

  d. The applicable section of the Guidelines for the offenses to which Defendant is pleading guilty is § 2D1.1.

4. Except as expressly provided in paragraphs two (2) and three (3), above, the parties have made no agreement concerning the facts, the guidelines, or their application to this case. Both parties reserve the right to present and argue evidence on all matters affecting the guidelines calculation.

5. The government reserves its full right of allocution, including the right to present to any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by the defendant, and the right to answer without limitation any questions asked by the Court.

6. Defendant has been advised and understands that if the Court accepts his plea, he will be adjudged guilty of felony offenses and that such adjudication may deprive him of certain civil rights, including:

  a. the right to vote;

  b. the right to hold public office;

  c. the right to serve on a jury;

  d. the right to possess any kind of firearm; and

  e. the right to any federal government loans, grants, or aid in the future.

7. The maximum statutory penalties for the offenses to which Defendant is pleading guilty are as follows:

    a. up to twenty (20) years imprisonment for Conspiracy to Distribute a Controlled Substance;

    b. up to twenty (20) years imprisonment for Distribution of a Controlled Substance;

    c. a fine of one million dollars ($ 1,000,000.00) on each count;

    d. a term of supervised release of at least three (3) years and not more than life on each count; and

    e. a mandatory special assessment of one hundred dollars ($100.00) on each count.

If the Court were to impose consecutive sentences for the offenses to which Defendant is pleading guilty, the cumulative maximum sentences would be a term of imprisonment of to forty (40) years, fines of two million dollars ($ 2,000,000.00), a term of supervised release of no less than three (3) years and not more than life, and mandatory special assessments of two hundred dollars ($ 200.00).

8. Defendant agrees to pay the mandatory special assessments by returning the signed Plea Agreement to the United States Attorney's Office with a money order or certified check payable to the Clerk, United States District Court. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level for an acceptance of responsibility under the guidelines.

9. Defendant understands that the Court must consider the sentencing guidelines in determining an appropriate sentence in this case but that the guidelines are only advisory and not binding on the Court. Defendant also understands that the Court alone makes all sentencing decisions including the application of the guidelines and the sentence to be imposed. The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is advised and further understands that, even if the Court's guideline determinations and sentence are higher than Defendant may expect, Defendant will not be allowed to withdraw his guilty plea. And Defendant understands that, in the United States Penal System, there is no parole and if the Court sentences him to prison he will not be released on parole.

10. Defendant understands that he may have the right to file a direct appeal from his conviction or sentence. Defendant knowingly and voluntarily waives any right he may have to file such an appeal. Defendant further understands that other procedures may be available to challenge his conviction or sentence. Defendant also knowingly and voluntarily waives any right he may have to file post-conviction relief actions, including actions under 28 U.S.C. §§ 2255 and 2241 and motions to reconsider or reduce his sentence. This waiver, however, does not prevent Defendant from challenging the effectiveness of his attorney after conviction.

11. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. Defendant has been advised and understands that he has the following rights:

   a. the right to plead not guilty and to persist in that plea;

   b. the right to a jury trial;

   c. the right at trial to be presumed innocent and require the government to his guilt beyond a reasonable doubt;

   d. the right to be represented by counsel – and, if necessary, have the Court appoint counsel to represent Defendant – at trial and every other critical stage of the proceeding;

   e. the right at trial to see and hear all of the witnesses and for his counsel to cross-examine them in his defense;

   f. the right at trial to testify and present evidence but only if he voluntarily elected to do so;

   g. the right at trial to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and

   h. the right at trial, if he decided not to testify or present evidence, not to have those facts used against him and to be otherwise protected against self-incrimination. Defendant is advised and further understands that, if he pleads guilty and the Court accepts his plea, he waives all of these rights.

13. Defendant understands that the offenses to which he is pleading guilty have separate and distinct elements. If the case were to go to trial, the government would have to prove each of those elements beyond a reasonable doubt.

The elements of Conspiracy, charged in Count 1 of Case No. 07-00007 are:

a. That the Defendant agreed with one or more persons to distribute a controlled substance, that is, a quantity of d-methamphetamine hydrochloride in the form commonly known as "ice;" and

b. That Defendant was or became a member of the conspiracy knowing of its object, that is, distributing a controlled substance, that is, a quantity of d-methamphetamine hydrochloride in the form commonly known as "ice," and intending to help accomplish it.

The elements of Distribution of a Controlled Substance, charged in Count 2 of Case No. 07-00007 are:

a. That Defendant knowingly delivered or aided and abetted in the delivery of a controlled substance, that is, a quantity of d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug; and

b. That Defendant knew that the substance was d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

15. Defendant understands that if he violates this agreement in any way, the government will have considered the agreement to have been breached. In that event, Defendant shall not have the right to withdraw his plea of guilty. The government, however, will be released from all obligations and restrictions imposed by the agreement. The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

  a. go forward with the guilty plea and sentencing;

b. make any and all sentencing recommendations that it deems appropriate;

c. treat the agreement as a nullity, that is, as though the parties had never entered into it, withdraw the agreement , and go to trial on the Indictment;

d. pursue additional charges against Defendant; and

e. use against Defendant, in this and in any other prosecution and proceeding, any and all information, statements, and testimony – including stipulations made in this agreement – that he has provided at any time to the government, the grand jury, or to the Court.

16. This agreement is limited to the District of the Northern Mariana Islands. It does not bind any other federal, state, or local authorities.

17. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter into this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all parties in order to be effective.

18. Counsel for Defendant states that he has read this agreement, been given a copy of it for his files, explained it to Defendant, and states that to the best of counsel's knowledge and belief, Defendant understands the agreement.

19. Defendant states that he has read this agreement or had it read to him, has discussed it with his counsel, understands it, and agrees to its provisions.

NORBERT BENAVENTE CAMACHO
Defendant

Date 6-20-07

ROBERT TENORIO TORRES
Counsel for Defendant

Date 6/20/07

CRAIG N. MOORE
Assistant U.S. Attorney

Date 6/20/07