≈PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT

for

## District of Northern Mariana Islands

F I L E D
Clerk
District Court

JUL -2 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: **Norbert B. Camacho** | Case Number: **CR 07-00007-001** |

Name of Sentencing Judicial Officer:   The Honorable Alex R. Munson, Chief Judge

Date of Original Sentence:   October 9, 2007

Original Offense:   <u>Count 1</u> - Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846
<u>Count 2</u> - Distribution of a Controlled Substance, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

Original Sentence:   Five months incarceration and five months of home confinement for both counts to run concurrently and three years of supervised release for both counts to run concurrently with the following conditions: the defendant shall not commit another federal, state, or local crime; the defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance; the defendant shall submit to a maximum of eight drug tests per month, as directed by the probation officer; the defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office; the defendant shall comply with the conditions of supervision as adopted by this Court; the defendant shall be prohibited from possessing a firearm or other dangerous weapon as defined by federal, state, or local law, or have such weapon where he resides; the defendant shall refrain from the use of all alcoholic beverages; the defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; the defendant shall also make a co-payment for the program at a rate to be determined by the U.S. Probation Office; the defendant shall participate in an anger management program as approved by the U.S. Probation Office and make co-payment for the program at a rate to be determined by the U.S. Probation Office; the defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without the approval of the U.S. Probation Office unless he is in compliance with the payment schedule; and the defendant shall provide the U.S. Probation Office access to any requested financial information. Additionally, the defendant shall pay a $200 special assessment fee and a $3,000 fine. **Modified on 4/18/08** to include that the defendant complete a two page letter explaining how his drug addiction may affect his family and the lives of his children and then read the letter before a group of his peers no later that 5/16/08. **Modified on May 6, 2008** to include that the defendant submit to a mental health evaluation and any treatment recommended by the U.S. Probation Office.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | November 20, 2007 |
| Assistant U.S. Attorney: | Eric S. O'Malley | Defense Attorney: | Robert T. Torres |

---

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation | Nature of Noncompliance |
|---|---|
| 1. | The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. |
| 2. | The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| 3. | The defendant shall refrain from the use of all alcoholic beverages. |

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*Please see attached Declaration in Support of Petition,*
*Re: Violation of Supervised Release Conditions; Request for a Summons,*
*submitted by U.S. Probation Officer Melinda N. Brunson*

Reviewed by:

_____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

Date: July 2, 2008

I declare under penalty of perjury that
the foregoing is true and correct.

_____
MELINDA N. BRUNSON
U.S. Probation Officer

Executed on: July 2, 2008

---

THE COURT ORDERS:

[ ] No action.

[ ] The issuance of a warrant.

[X] The issuance of a summons. 7-3-08 @ 10:00 a.m.

[ ] Other.

_____
ALEX R. MUNSON
Chief Judge
District of the Northern Mariana Islands

7-2-08
Date

## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00007-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| vs. | ) | |
| | ) | |
| NORBERT B. CAMACHO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Re:     Violation of Supervised Release Conditions; Request for a Summons

I, U.S. Probation Officer Melinda N. Brunson, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Norbert B. Camacho and in that capacity declare as follows:

On October 9, 2007, Norbert B. Camacho was sentenced to a split sentence of five months of imprisonment and five months of home confinement and three years of supervised release for two counts of Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. Mr. Camacho was released from imprisonment on November 20, 2007, having served the majority of his term prior to his sentencing. He completed his five months of home confinement on April 24, 2008. He is alleged to have committed the following, in violation of 18 U.S.C. §3583(d):

**Standard Condition:** *The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.*

**Standard Condition:** *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

**Special Condition:** *The defendant shall refrain from the use of all alcoholic beverages.*

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:     CAMACHO, Norbert B.
Criminal Case No. 07-00007-001
July 2, 2008
Page 2


On Saturday, June 7, 2008, Mr. Camacho failed to appear for a scheduled urinalysis at Marianas Psychiatric Services (MPS). Pursuant the drug testing program policy, he reported to this officer the next business day, which was Monday, June 9, 2008, and submitted to a urinalysis. The test was presumptive positive for methamphetamine and amphetamine. Mr. Camacho denied illegal drug use and the specimen was sent to the Scientific Testing Laboratory (STL) in Richmond, Virginia for analysis.

On June 17, 2008, the STL results were returned to this office and revealed that Mr. Camacho was positive for methamphetamine and amphetamine. Mr. Camacho was contacted and an office visit was arranged for June 20, 2008. On that day, Mr. Camacho was confronted with the laboratory results and he admitted to smoking "ice" on approximately June 4, 2008. In addition, he admitted to drinking beer on Father's Day, June 15, 2008.

During the same office visit, this officer asked Mr. Camacho to submit to a urinalysis. He consented and the results were presumptive positive for methamphetamine and amphetamine. He admitted in writing that on June 18, 2008 he licked the powder residue from a plastic bag that had previously contained "ice."

Mr. Camacho's adjustment to supervision has been fair. He paid his $200 special assessment fee on December 4, 2007 and submitted to the collection of a DNA sample on February 20, 2008. He has made a total of $900 in payments towards his $3,000 fine and is currently two months delinquent. On April 21, 2008, his judgment was modified to include that he complete a two page letter about how his drug use may affect his children and to read the letter before a group of his peers. He satisfactorily completed this condition on May 15, 2008. In addition, on May 6, 2008, his judgment was modified to include that he submit to a mental health evaluation and any recommended treatment. Dr. Judith Avery from MPS conducted the evaluation on May 17, 2008 and concluded that the defendant would not benefit from mental health treatment. The defendant has tested positive for methamphetamine and amphetamine on four occasions since his release from incarceration.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Norbert B. Camacho to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervised release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for a Summons
Re:   CAMACHO, Norbert B.
Criminal Case No. 07-00007-001
July 2, 2008
Page 3

Executed this  2nd  day of July 2008, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By: _____
MELINDA N. BRUNSON
U.S. Probation Officer

Reviewed by:

_____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc:   Eric S. O'Malley, Assistant United States Attorney
      Robert Torres, Defense Attorney
      File

# VIOLATION WORKSHEET

1. Defendant **Norbert B. Camacho**

2. Docket Number (Year-Sequence-Defendant No.) **Criminal Case No. 07-00007-001**

3. District/Office   Northern Mariana Islands

4. Original Sentence Date   10 / 09 / 07
                                 month  day  year

(If different than above):

5. Original District/Office   N/A

6. Original Docket Number (Year-Sequence-Defendant No.)   N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • *The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.* | C |
| • *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.* | C |
| • *The defendant shall refrain from the use of all alcoholic beverages.* | C |
| • | |

8. Most Serious Grade of Violation [see §7B1.1(b)]   **C**

9. Criminal History Category [see §7B1.4(a)]   **I**

10. Range of Imprisonment [see §7B1.4(a)]   **3 to 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Defendant:     **Norbert B. Camacho**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | $2,100 | Home Detention | N/A |
    | Other | anger management program | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment [see 18 U.S.C. §3583(e) and §7B1.3(g)(2)].

    Period of supervised release to be served following release from imprisonment:     24 to 36

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    There may be aggravating circumstances that warrant a departure above the applicable guideline range. The offender tested positive for methamphetamine and amphetamine on four occasions during a time frame of approximately four months (March 18, 2008, April 28, 2008, June 9, 2008, and June 20, 2008) and denied use to the officer on two occasions. A mental health evaluation determined that there were no mental health issues affecting his ability to remain clean and sober and that his relapse was directly related to his disease of addiction. The offender requires serious drug treatment that is not readily available in the community. A sentence of a year will guarantee that the offender will serve his term of imprisonment at a Bureau of Prisons facility and receive more beneficial drug treatment.

15. **Official Detention Adjustment (see §7B1.3(e)):**     0 months     0 days